U.S.P.S. Tracking No. 9410 8301 0935 5004 0565 22

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Nelson L. Bruce, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES et al. <br><br> Defendant(s) | Case No.: 2:25-cv-4020-BHH-MGB <br><br> **VERIFIED COMPLAINT UNDER THE FEDERAL TORT CLAIMS ACT, TRIAL BY JURY DEMANDED** |

Plaintiff, **Nelson L. Bruce**, brings this action against Defendant, **The United States et al.**, and alleges as follows:

This is a civil action for damages brought against the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680. Under the FTCA, the United States **has expressly waived sovereign immunity** and consented to be sued for torts committed by its employees acting within the scope of their employment. As codified in § 1346(b)(1), the United States agrees to be liable for "injury or loss of property... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."

This Complaint arises from the failure of the Clerk of Court for the U.S. District Court for the District of South Carolina Charleston Division to docket Plaintiff's properly presented and timely Notice of Appeal. This ministerial failure denied Plaintiff access to appellate review and resulted in financial and procedural harm. Such acts fall outside the protection of judicial immunity and are actionable under the FTCA.

I. **PARTIES**

1) Plaintiff Nelson L. Bruce is a natural person and citizen of the United States residing at 144 Pavilion Street, Summerville, South Carolina 29483.

2) Defendant is The United States et al., which has waived its sovereign immunity under the FTCA and is properly sued for damages resulting from negligent acts and omissions of its employees committed within the scope of their duties. The United States is the appropriate defendant for FTCA claims. The federal employee at issue was acting within the scope of their employment as a Clerk of Court, a Federal employee of the Clerk's Office in the U.S. District Court for the District of South Carolina, Charleston Division.

## II. JURISDICTION AND VENUE

1) Plaintiff files this action in the **Columbia Division** of the District of South Carolina pursuant to **Local Civil Rule 3.01(A)** and **28 U.S.C. § 1402(b)**. While the underlying acts occurred in the Charleston Division, the employee whose conduct forms the basis of this lawsuit is employed within that division. To preserve the integrity of judicial proceedings, and to avoid **actual or perceived bias**, conflict of interest, or appearance of impropriety, Plaintiff invokes the Court's inherent authority to assign this matter to a neutral venue within the same district.

2) This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b)(1), which provides that district courts have exclusive jurisdiction over civil actions for money damages against the United States based on negligent or wrongful acts of federal employees.

3) Venue is proper in this Court under 28 U.S.C. § 1402(b), which authorizes venue where the plaintiff resides or where the act or omission occurred.

## III. STATEMENT OF FACTS

1) On August 3, 2022, the District Court for the District of South Carolina dismissed Plaintiff's civil action (see…Exhibit A).

2) Judgment was entered on August 4, 2022, thereby triggering the right to appeal under Federal Rule of Appellate Procedure 4(a)(1)(A), which mandates that a notice of appeal must be filed within 30 days of entry of judgment (See…Exhibit A).

3) Rule 3(a)(1) of the Federal Rules of Appellate Procedure provides that an appeal is initiated by filing a notice of appeal with the district clerk, not with the court of appeals. This filing is jurisdictional.

4) On September 1, 2022, Plaintiff presented a Notice of Appeal by priority mail with signature confirmation to the Clerk of Court to be filed and entered on the record (see…Exhibit B – Notice of Appeal Dated August 30, 2022). The court never filed this Notice of Appeal on the record once delivered to them (See…Exhibit C – Next Day Proof of Delivery and Signature showing receipt).

5) On September 2, 2022, because the clerk did not file the Notice of Appeal on the record sending the matter to the 4th Circuit Appellate court, Plaintiff created a new Notice of Appeal dated September 2, 2022 and hand-delivered it to the Clerk of court and requested that the clerk stamp the Notice of Appeal to support that they received the Notice of Appeal (see…Exhibit D – copy of Notice of Appeal showing the district courts "received" stamp acknowledging receipt of the Notice of Appeal). The Notice of Appeal was complete in content, properly formatted per FRAP 3 and 4. There was already an forma pauperis status therefore no need to send a fee with the filing. At no time did the Clerk issue a deficiency notice.

6) The Clerk never filed the Notice of Appeal on the record evidenced by Exhibit E.

7) Both submissions were received by the Clerk within the 30-day deadline. However, the Clerk failed to file either copy, in violation of their ministerial duty.

8) Pursuant to **Local Rule 83.I.08 (D.S.C.)**, the Clerk of Court is required to accept for filing any paper presented, regardless of form. If the submission is defective in any way, the Clerk must docket the item and issue a notice of deficiency. The rule states:

   > "The Clerk of Court shall not refuse to file any paper presented for filing solely because it is not presented in proper form as required by these rules or any local rule or practice. The Clerk shall accept the paper for filing and shall note the deficiency on the docket."

9. The Clerk's refusal to file Plaintiff's properly submitted notice violates both federal and local rules.

10. In *Antoine v. Byers & Anderson, Inc.,* **508 U.S. 429 (1993)**, the Supreme Court held that judicial clerks are not entitled to immunity when performing **ministerial tasks**. Justice Stevens explained:

    > "The relevant inquiry is the nature of the function performed, not the identity of the actor. Filing a document is a ministerial duty... not protected by judicial immunity."

11. Similarly, in *Forrester v. White,* **484 U.S. 219 (1988)**, Justice O'Connor explained that judicial immunity does not extend to **nonjudicial acts**, including supervision of court staff and administrative conduct.

12. The failure to perform a mandatory, nondiscretionary task—such as accepting a Notice of Appeal for filing—is an administrative error actionable under the FTCA.

13. As a result of the Clerk's inaction, Plaintiff was deprived of the right to appellate review. This resulted in: a. Loss of a **$740,040.33** arbitration award, the right to redress; b. Loss of a **$3,700,201.60** counterclaim, the right to redress; c. Loss of legal rights and procedural access under the Fifth Amendment; d. Emotional and reputational harm, including anxiety,

insomnia, depression, humiliation, and loss of public trust. These emotional injuries were severe, continuous, and directly caused by the government's employees failure to provide procedural justice.

A. Under ***Molzof v. United States***, 502 U.S. 301 (1992), the Supreme Court held that the FTCA permits recovery for mental and emotional distress so long as it arises from a negligent or wrongful act. **Justice Thomas** stated in the Court's opinion:

> "The FTCA's reference to 'personal injury' includes damages for pain and suffering and emotional distress as elements of compensable harm, unless expressly excluded."

B. In ***Knauss v. United States***, 28 F. App'x 106 (3d Cir. 2002), the Third Circuit confirmed:

> "There is no requirement that a claim for emotional distress under the FTCA must be supported by medical evidence."

C. Likewise, the Seventh Circuit in ***Gutekunst v. Continental Ins. Co.***, 486 F.2d 194, 197 (7th Cir. 1973) recognized that:

> "A plaintiff's own credible testimony is sufficient to sustain an award for emotional harm. No corroboration or psychiatric diagnosis is required."

D. Accordingly, Plaintiff's own account of emotional distress—resulting from the deprivation of appellate review and unjust obstruction of legal remedy—is sufficient to constitute compensable personal injury under the FTCA.

14. On or about July 2, 2024, Plaintiff presented an administrative tort claim to the Administrative Office of the United States Courts in the amount of $5,106,278.22 (see…Exhibit F).

15. On November 15, 2024, the Administrative Office denied Plaintiff's claim, citing judicial immunity (see…Exhibit G).

16. Plaintiff presented a reconsideration letter dated December 21, 2024 (See…Exhibit H), which was denied on April 4, 2025 (See…Exhibit I).

## IV.   COUNT I: NEGLIGENCE IN PERFORMANCE OF MINISTERIAL DUTY

17. Plaintiff incorporates by reference paragraphs 1 through 16, and all subsequent paragraphs as though fully set forth herein pursuant to RCFC 10(c).
18. The Clerk's Office had a clear, nondiscretionary ministerial duty to accept and docket a properly presented and timely Notice of Appeal, as required by:

- Federal Rule of Appellate Procedure 3(a)(1), which mandates that an appeal is commenced by filing a notice of appeal with the district clerk;

- Federal Rule of Appellate Procedure 4(a)(1)(A), which provides that such filing must occur within 30 days of entry of final judgment;
- Local Rule 83.I.08 (D.S.C.), which obligates the Clerk to accept all filings, regardless of form, and to note deficiencies rather than reject them.

19. The Clerk's refusal to docket Plaintiff's Notice of Appeal, which was presented twice and within the deadline, constitutes a breach of these mandatory duties.

20. The Clerk's acts were ministerial, not discretionary. As confirmed by the Supreme Court in **Antoine v. Byers & Anderson, Inc., 508 U.S. 429 (1993),** the performance of ministerial functions by court personnel is not protected by judicial immunity.

21. The United States is liable under 28 U.S.C. § 1346(b)(1) for the negligent acts and omissions of its employees acting within the scope of their employment, including employees of the judiciary performing administrative duties.

22. As a direct and proximate result of this negligence, Plaintiff suffered:

    a. Loss of access to appellate review;

    b. Financial harm totaling $5,106,278.22 (from an arbitration award and counterclaim);

    c. Injury resulting from procedural denial of a statutory right of appeal, including the consequential deprivation of access to justice, not as a standalone constitutional tort, but as evidence of the scope of harm flowing from the actionable negligence;

    d. Emotional distress and reputational damage recognized as compensable under FTCA jurisprudence including **Molzof v. United States, Knauss v. United States, and Gutekunst v. Continental Ins. Co.**

23. These injuries are fairly traceable to the government's negligence and are redressable through monetary damages, which the FTCA expressly authorizes.

24. Under the FTCA, a government actor's breach of a mandatory legal duty, even within a judicial office, is actionable where it causes compensable harm. Filing court documents is not discretionary or judicial but administrative, and the Clerk's failure to file the Notice of Appeal directly caused the loss of judicial remedy and financial recovery.

25. The Clerk's Office and its staff had a nondiscretionary duty to file Plaintiff's properly presented Notice of Appeal.

26. The failure to perform this duty violated:

    - Federal Rule of Appellate Procedure 3(a)(1)
    - Federal Rule of Appellate Procedure 4(a)(1)(A)
    - Local Rule 83.I.08 (D.S.C.)

27. Under *Antoine v. Byers & Anderson, Inc.,* **508 U.S. 429 (1993),** such ministerial failures are not shielded by judicial immunity and are subject to liability under the FTCA.

28. The United States, having waived its immunity under § 1346(b)(1), is liable for injuries caused by this negligent omission.

29. Plaintiff suffered quantifiable damages directly caused by the Clerk's breach of duty, including the loss of specific legal remedies, due process, property rights, and personal injuries in the form of emotional distress.

30. Plaintiff has no alternative administrative or statutory remedy to redress the ministerial error, and the FTCA is the exclusive mechanism available to secure redress.

## V.   ADDITIONAL LEGAL BASIS AND CLARIFYING ALLEGATIONS

31. Plaintiff incorporates by reference paragraphs 1 through 16, and all subsequent paragraphs as though fully set forth herein pursuant to RCFC 10(c).

32. Plaintiff reaffirms that he is not asserting a constitutional tort. Rather, the denial of appellate review is used to illustrate the *scope and gravity of harm* stemming from a ministerial breach actionable under the FTCA.

33. Plaintiff alleges a complete legal basis for the Clerk's mandatory duties by citing: a. Fed. R. App. P. 3(a)(1), which mandates that filing a notice with the district clerk perfects appeal; b. Fed. R. App. P. 4(a)(1)(A), requiring filing within 30 days; c. D.S.C. Local Rule 83.I.08, requiring that even deficient filings be accepted and noted.

34. Plaintiff affirmatively alleges that: a. The filing included all required content and formatting; b. Plaintiff had active in forma pauperis status and was not required to pay a fee; c. No deficiency notice or rejection was ever issued.

35. Plaintiff's Notice of Appeal was submitted by two independent and documented means—priority mail and personal delivery. Proof of both is submitted as Exhibits A and B.

36. Exhibit C documents the absence of docketing or deficiency, confirming the Clerk's failure to perform a nondiscretionary act.

37. Plaintiff presented an administrative claim (Exhibit F) and received a denial (Exhibit G). He has fully exhausted his administrative remedies.

38. In light of *FDIC v. Meyer,* Plaintiff does not seek constitutional damages, only tort damages as defined under § 1346(b). Constitutional framing (e.g., access to court, due process) is provided solely to illustrate the legal consequences of the breach.

39. The Supreme Court in *Antoine* and *Forrester* bars the United States from asserting judicial or quasi-judicial immunity for administrative, clerical errors.

40. Plaintiff has standing, as the injury suffered is concrete, particularized, and actual. The harm is not speculative, but documented and compensable.

## VI. PLAINTIFF DEMANDS A TRIAL BY JURY

Plaintiff hereby respectfully demands a trial by jury for all claims and issues in this complaint to which Plaintiff is entitled to be before a jury to decide trial.

### VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

A. Enter judgment in favor of Plaintiff in the amount of:

   1. $740,040.33 for the lost arbitration award;

   2. $3,700,201.60 for the counterclaim deprived by loss of appeal;

   3. $666,036.29 in noneconomic damages for emotional harm;

B. Award all litigation costs under 28 U.S.C. § 2412;

C. Grant any further relief the Court deems proper.

**Dated this 10th day of May, 2025.**

**RESPECTFULLY PRESENTED,**

_____
Nelson L. Bruce, Sui Juris
All Natural Secured Rights Explicitly Reserved and Retained "with prejudice"
c/o P.O. Box 3345, Summerville, South Carolina [29484]
Phone: 843-437-7901
Email: leonbruce81@yahoo.com